**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERLINA CONSTANTINE,<br><br>        *Plaintiff*,<br>  v.<br><br>WAEL R. SAEED, VERONICA CORREA, NOLAN C. DOYLE, JOHN DOES 1-5 (said names being fictitious real names unknown being owners and or operators of motor vehicles), ABC COMPANIES 1-5 (said names being fictitious real names unknown being owners and or operators of motor vehicles), DEF COMPANIES 1-5 (said names being fictitious real names unknown being automobile dealerships involved in the sale/distribution of Hyundai motor vehicles), DEF COMPANIES 1-5 (said names being fictitious real names unknown being businesses involved in automobile repair and service) and HYUNDAI USA,<br><br>        *Defendants*. | Civil Action No. 23-21535 (KSH) (LDW)<br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

**I.    Introduction**

This matter comes before the Court on the motion brought by defendant Veronica Correa to dismiss plaintiff Merlina Constantine's complaint against her with prejudice. (D.E. 20.) The complaint is currently dismissed without prejudice, and the case has been closed since October 3, 2024. (*See* D.E. 17, 18.) For the following reasons, the Court declines to reopen the case.

**II.    Background & Procedural History**

Constantine and defendants Correa, Wael R. Saeed, and Nolan C. Doyle were involved in a car accident on or about August 21, 2021. (D.E. 1 & Ex. A, Compl. ¶¶ 1-3.) Constantine sued the captioned defendants in state court on August 18, 2023; defendant Hyundai USA removed to

this Court on October 26, 2023. (D.E. 1, Notice of Removal ¶ 1.) Thereafter, Constantine voluntarily dismissed her action against Hyundai USA. (D.E. 6.)

On August 6, 2024, the Clerk of the Court issued a notice of call for dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to serve Correa, Saeed, and Doyle, stating that the action would be dismissed on August 21 unless Constantine filed proof of service or showed good cause as to why the action should not be dismissed. (D.E. 8.) In a letter, Constantine informed the Court through counsel that Doyle had been served, and "attempts are being made to effectuate service" for Correa and Saeed. (D.E. 9.) She requested an additional 14 days to complete service upon Correa and Saeed. (*Id.*)

On August 28, 2024, the Court denied Constantine's extension request but permitted her "to supplement the request to address the governing law on discretionary extensions" in a letter brief to be filed no later than September 6. (D.E. 13, at 4-5.) In doing so, the Court recognized that due to a "potential statute of limitations issue" "outright denial of plaintiff's extension request may have the effect of barring her claim." (*Id.* at 4.) But the Court noticed that "absent a timely, compliant submission, the complaint will be dismissed without prejudice against Saeed and Correa." (*Id.* at 5.) The Court also outlined steps for Constantine to take by September 20 to restore the matter to the active docket in order to pursue her claims against Doyle. (*Id.*) The Court noticed that failure to abide by the deadlines set forth in the order would result in dismissal of the claims against Doyle. (*Id.*)

Constantine did not file any responsive letter brief nor took any steps to prosecute the action against Doyle. On October 3, 2024, the Court *sua sponte* dismissed the complaint against Correa and Saeed without prejudice as required by Rule 4(m). (D.E. 17.) As explained in that order, Constantine had failed to serve Correa and Saeed within 90 days of the filing of the

2

complaint in contravention of Rule 4(m), and failed to show any good cause that would warrant an extension. (*Id.* at 1-2.) In a separate order filed on the same day, the Court analyzed the *Poulis* factors and found that they weighed in favor of dismissal without prejudice against Doyle under Federal Rule of Civil Procedure 41(b). (D.E. 18, at 2-4 (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984)).) As no defendants remained in the case, the Court instructed the Clerk of the Court to close the case on October 3, 2024. (*Id.* at 4.)

On April 7, 2025, Correa filed this motion to dismiss the complaint with prejudice under Rule 41(b) "due to plaintiff's failure to prosecute and comply with Fed. R. Civ. P. 4(m)." (D.E. 20, Mov. Br., at 4.) Correa does not analyze the *Poulis* factors, which is required for dismissal with prejudice pursuant to Rule 41(b). Instead, she reargues that there is no good cause for an extension of service under Rule 4(m) and concludes by arguing that refiling of the complaint would be futile since the statute of limitations has run. (*Id.* at 4-8.) Constantine did not file a response, and there has been no other action on the closed docket.

### III. Discussion

Rule 4(m) requires that dismissal of an action for failure of service be "without prejudice." *See Bowling v. Hasbro, Inc.*, 403 F.3d 1373, 1376 (Fed. Cir. 2005) ("Federal Rule of Civil Procedure 4(m) . . . does not permit dismissal with prejudice."). It provides in full:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff-- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m). In addition, Rule 41(b) provides a district court with the authority to "dismiss an action *sua sponte* for failure to prosecute a case." *Sloan v. Sloan Constr. Co.*, 2024

3

WL 5049114, at *1 (3d Cir. Dec. 5, 2024) (citing Fed. R. Civ. P. 41(b)).  And in this district, courts "must ordinarily consider the six factors laid out by *Poulis* . . . before dismissing a case by court order under Rule 41(b)."  *Hamer v. LivaNova Deutschland GmbH*, 994 F.3d 173, 180 n.25 (3d Cir. 2021); *see Sloan*, 2024 WL 5049114, at *2.

Courts have generally found that where there has been failure of service pursuant to Rule 4(m), dismissal should be without prejudice even if a Rule 41(b) lack of prosecution argument is simultaneously raised.  *See e.g.*, *Dean v. Stonybrook Southampton Hosp.*, 2024 WL 5108160, at *2 (E.D.N.Y. Dec. 13, 2024) ("[G]iven that this dismissal is also pursuant to Rule 4(m), dismissal without prejudice is warranted."); *Ungaro v. Aaron*, 2024 WL 3678437, at *2 (S.D.N.Y. Aug. 5, 2024) ("Because part of the basis for dismissal is failure to serve pursuant to Rule 4(m), the dismissal will be without prejudice."); *Barnwell v. Bank of N.Y.*, 2018 WL 5634316, at *1 (D. S.C. Jan. 25, 2018) ("Rule 4(m) is a better basis for dismissal than Rule 41(b) because Rule 4(m) specifically addresses failure to effect proper service within a time limit, while Rule 41(b) is a more general catchall provision."); *Zappin v. Cohen*, 2016 WL 3034334, at *3 (S.D.N.Y. May 27, 2016) (holding that "that dismissal is appropriate pursuant to Rule 4(m), but not pursuant to Rule 41(b)").

Here, the Court has already found that because Correa was never served, and no good cause existed to extend the service time limit, dismissal was appropriate under Rule 4(m).  As to Doyle, the Court determined that because he had already been served, the appropriate vehicle to dismiss against him was Rule 41(b).  This distinction is consistent with the rules and with the caselaw reproduced above.

In moving to dismiss, Correa does not acknowledge that the case is closed.  She does not explain how the *Poulis* factors weigh in favor of dismissal with prejudice, or why the Court

should disregard Rule 4(m)'s mandate that dismissals for lack of service be without prejudice. The Court reaffirms that the appropriate vehicle to dismiss the case against Correa was Rule 4(m), and such dismissal must be without prejudice.

### IV.    Conclusion

For the foregoing reasons, Correa's motion to dismiss with prejudice is denied. An appropriate order accompanies this opinion.

Dated:  November 19, 2025                          */s/ Katharine S. Hayden*
                                                   Katharine S. Hayden, U.S.D.J.